Dear Representative Kleckley:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion on a piece of contemplated legislation.
The contemplated legislation would require the Property Insurance Association of Louisiana (PIAL) to release a copy of the Field Procedure Reference Guide for Public Protection published by the Insurance Services Organization (ISO) to any fire chief in the state upon the payment of a fee of one hundred dollars ($100.00). However, you further indicate that the PIAL and ISO have asserted that they are not willing to release the reference guide as it is copyrighted information. Specifically, you ask for our opinion as to what would be the legal effect of the contemplated legislation, given the assertion of federal copyright and trade secret rights asserted by PIAL and ISO.
First, note that our office is not in a position to address the validity of either PIAL's or ISO's assertion of federal copyright protection. Such matters are governed by federal law and the Attorney General's Office does not render opinions on federal law.
Further, we are not in a position to address the validity of either PIAL's or ISO's assertion of trade secret protection. Such matters involve factual determinations, which are the duty and province of the courts.
We do note, however, that the question presented calls up the legal theory of preemption. The Supremacy Clause of the United States Constitution, Article VI, Clause 2, renders unenforceable any state law that conflicts with a federal law. The standard for determining whether or not a state law has been preempted or superseded by federal law was enunciated in the case of Silkwood v. Kerr-McGee Corporation, 104 S.Ct. 615
(1984), wherein the Supreme Court stated:
 ". . . state law can be pre-empted in either of two general ways. If Congress evidences an intent to occupy a given field, any state law falling within that field is pre-empted . . .(citations omitted) . . . If Congress has *Page 2 
not entirely displaced state regulation over the matter in question, state law is still pre-empted to the extent it actually conflicts with federal law, that is, when it is impossible to comply with both state and federal law, . . . (citations omitted) . . . or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress". . . . Silkwood v. Kerr — McGee Corporation, 464 U.S. 238, 78 L.Ed. 443, 104 S.Ct. 615(1984), at page 621.
Congress has clearly expressed its intent to occupy and regulate the field of creative literary and artistic works as evidenced by its passage of the Copyright Act. Thus, it appears that any state law or statute attempting to occupy or otherwise regulate or affect this field is preempted and would be unenforceable. As such, any provision of of the contemplated legislation that interferes or otherwise requires an act that is in contravention of the rights and protections afforded by the Copyright Act would likely be pre-empted and unenforceable.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt